THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JORGE SURO PICÓ, Defendant and Appellant.

Nos. 13143 and 13144. Argued November 1, 1948.
Decided November 26, 1948.

*R. Hernández Matos* for appellant. *Luis Negrón Fernández,
Attorney General, (José C. Aponte, as Acting Attorney
General,* on the brief) and *J. Rivera Barreras, Prosecuting
Attorney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The defendant was accused in the municipal court of
operating a pharmacy in Coamo during 1945–46 and 1946–47
without the necessary certificates therefor, in alleged viola-
tion of Act No. 26, Laws of Puerto Rico, 1914. He was con-
victed and fined $25 for each offense. He appealed to the
district court, where he was again convicted and fined $50
for each offense.

The first assignment is that the lower court erred in not
holding that the municipal ordinances of Coamo fixing the

patents for 1945–46 and 1946–47 never went into effect as they were never published. The *Fiscal* of this Court argues that these ordinances are not involved herein and that the offenses charged are violations of § 12 of Act No. 26 without reference to the ordinances.

Section 1 of Act No. 26 authorizes the municipal councils of municipalities to levy and collect patents from persons engaged in certain businesses. Section 12 reads as follows:

"That every person, partnership, association, corporation or other form whatsoever of commercial or industrial organization who or which shall commence business without the corresponding certificate issued by the treasurer of the municipality, or shall fail to pay the amount of the tax levied in accordance with this Act, within the first fifteen days of each quarter shall be deemed guilty of a misdemeanor and be punishable by a maximum fine of fifty dollars, *as the municipal councils may provide by ordinance.*" (Italics ours).

The *Fiscal* contends that § 12 establishes two separate offenses: (1) operation of a business without a certificate, and (2) failure to pay the patent. His position is that a defendant may be prosecuted for operating without a certificate irrespective of whether he has paid the patent. And, according to the *Fiscal*, § 12 itself fixes a specific penalty for operation without a certificate, making it unnecessary for us to examine the ordinances or to determine their validity.

█ It is true that § 12 makes operation without a certificate an offense. But the certificate is nothing but a receipt for payment of the tax. Sections 9, 16 of Act No. 26. It would therefore seem obvious that one cannot be accused of failure to have a receipt for payment of a tax, if the tax itself is not due.

██ Although the government asserts that § 12 standing alone without the aid of an implementing municipal ordinance requires a certificate, it does not dispute the fact that §§ 1 and 12 of Act No. 26 only authorize a patent. Consequently, we must look to the particular municipal ordinance

to determine if the patent has been actually imposed as authorized and if the ordinance imposing it was validly enacted.

We therefore turn to the ordinances in question. The defendant contends that the municipal ordinances of Coamo for 1945–46 and 1946–47 imposing the patents involved herein never went into effect because they were never published, pursuant to the requirement found in §§ 74 and 76 of the Municipal Law, Act No. 53, Laws of Puerto Rico, 1928, which provide that municipal ordinances which contain penal provisions must be published in one or more newspapers of the island before they can take effect. See 2 McQuillin on Municipal Corporations, 2nd ed., Revised, § 734, p. 808 *et seq.*; *People* v. *Sanjurjo*, 58 P.R.R. 651, 654.

The *Fiscal* argues that we need not look to the ordinances for penal sanctions, as they are provided by §§ 12 and 18 of Act No. 26.[1] In support of his position, he cites the fact that the ordinances provide that violations will be punished in accordance with the Law of Patents.

However, we do not read §§ 12 and 18 as establishing penalties independently of the municipal ordinances. These Sections contemplate municipal ordinances which (1) may impose patents and (2) may penalize failure to pay and operation without a receipt issued for payment. Sections 12 and 18 place a ceiling of a $50 fine on the penalty which may be fixed by the ordinances. But those Sections are not self-operating. They neither establish patents nor fix penalties themselves. Instead they authorize the municipal councils to enact ordinances providing for patents, with or without penalties. The authorization to establish penalties is restricted: the ordinances may not provide a maximum fine of more than $50. But the authorizing statute does not fix

---

[1] Section 18 provides in part as follows: "That the municipal councils shall, by ordinances, prescribe additional regulations for the enforcement of this Act, not in conflict therewith and shall prescribe penalties for infractions of this Act, and shall also prescribe penalties for infractions of said ordinances, but not to exceed in the case of fines, the amount of fifty (50) dollars."

a penalty. An implementing municipal ordinance for that purpose is still required.

In this state of the law, the provision of the ordinances herein that violations will be punished in accordance with the Law of Patents has no legal effect, because the latter as we have seen provides no penalties as such. The net effect is that the challenged ordinances have no penal sanctions. It was therefore not necessary to publish them pursuant to §§ 74 and 76 of the Municipal Law.

What we have said has no reference to civil liability for these patents. But in view of the lack of penal sanctions, the defendant was improperly convicted of the criminal charges involved herein.

The result we have reached makes it unnecessary to discuss the remaining errors assigned by the defendant.

The judgments of the district court will be reversed and judgments entered acquitting the defendant.